FAWCETT et, Plaintiffs-Appellees, v. MILLER et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25367. Decided February 16, 1961.

444

*Messrs. Hauxhurst, Sharp, Cull & Kellogg,* for plaintiffs-appellees.

*Messrs. Dachman & Dachman,* for defendants-appellants.

(YOUNGER, P. J., and GUERNSEY, J., of the Third District, DONAHUE, J., of the Seventh District, sitting by designation in the Eighth District.)

For fur-ther history see *Omnibus Index* in bound volume.

*Per Curiam.* Plaintiff-appellee, James Fawcett, purchased a car from Alliance Auto Sales, Inc., in December 1956. In

January 1958, he brought it to the dealer to have some transmission repairs made. The dealer farmed it out to defendant, Frank T. Miller, and his partner who operate a service station and do this type of repair work. Repairs were made and the car returned. Shortly thereafter plaintiff Fawcett complained of a rattle which he thought was in the transmission. The car was returned to defendants who found that the rattle was caused by a loose tail pipe. They fixed this but made no charge. Plaintiff Fawcett called for his car at the dealer's, and the dealer called Miller. The dealer couldn't send after it and Miller, being alone, could not deliver it. However, he saw a young man across the street named Jeric, who had worked for him until a few days before and whom he had laid off. There is some dispute as to whether defendant Miller asked Jeric to deliver the car or Alliance Auto Sales, Inc., asked Miller to ask Jeric to deliver it. Jeric was officially "fired" a few days thereafter.

Jeric took the car, and in the course of delivering it, came over the top of a hill, went into a skid and hit another car after crossing the center of the road.

Later, in attempting to recover, plaintiff and his subrogated Insurance Company, also a plaintiff, sued the defendants here and the Alliance Auto Sales, Inc. Upon motion in that case, plaintiffs were forced to elect and decided to pursue Alliance Auto Sales, Inc., dismissing as against the present defendants. In that first case, verdict was for the defendants, and plaintiffs refiled their suit against the present defendants.

The first assignment of error charges that Allstate (the insurance subrogee) failed to present any testimony to substantiate its allegation that it was a proper party to this action. It is, of course, fundamental that a party must show it has a right to be a party to an action. But we know of no rule which requires that party or a representative to appear and prove it in person. The burden of proof is on the plaintiff, and all that is necessary is that he show it by the preponderance of the evidence. Plaintiff Fawcett testified as to Allstate's position in the case. No evidence to the contrary was produced. Therefore we cannot say that the jury was wrong in finding Allstate a proper party, as they must, of necessity have done, since they rendered a verdict in its favor.

Furthermore, in connection with the testimony of plaintiff, Fawcett, there was introduced and admitted into the evidence a "Proof of Loss Statement." For some reason unknown to this court this exhibit is not included in the bill of exceptions. However, on Page 12 of the record it not only appears that the Allstate Insurance Company paid the plaintiff, Fawcett, $2,-400.00 by reason of his loss, but that the "Proof of Loss" signed by Fawcett contained the following paragraph:

"The insured hereby assigns, transfers and sets off to the undersigned all claims or causes of action of whatsoever kind and nature which the insured now has or may hereafter have, to recover against any person as a result of said occurrence as above described, to the extent of payment above made."

The proof of and the amount of the subrogation claim was therefore clearly in evidence.

Appellants further complain that there was no evidence offered by the plaintiff insurance company that it was an Illinois corporation and authorized to engage in the insurance business within the State of Ohio. An examination of the Second Amended Petition shows that the plaintiff insurance company properly alleged its incorporation and its authority to do business in the State of Ohio. In their answer defendants, after making numerous specific denials, none of which joined issue either on the incorporation of said plaintiff or its authority to do business, follow their specific denials with a general denial. It does not appear in the record that defendants elected to stand on the general denial instead of their specific denials, and in the absence of an election the general denial is limited to the particulars covered by the specific denials contained in the same answer. Section 156, Pleading, 43 Ohio Jurisprudence (2d), 169. Issue was not, therefore, joined in the pleadings on either the fact of incorporation or the authority to do business and the plaintiff insurer was not required to offer any evidence in this respect.

For these additional reasons defendants' first assignment of error is without merit.

The second assignment of error was the failure of the court to instruct the jury in regard to the weight, and applicability, of prior testimony in another action when used in cross-

xamining defendant Miller. We have carefully reviewed this estimony. We must always keep in mind that the trial court as a broad discretion in admitting or rejecting evidence. We annot say that the admission of this evidence, in this case, was f such character and so prejudicial as to prevent substantial ustice as defined in Section 2309.59, Revised Code.

The complaint of defendants in their second assignment f error alleges, at most, an error of omission in the Court's harge. It is well established that errors of omission are not eversible errors unless the party claiming error has brought ame to the attention of the court and requested a charge thereon which charge is refused. An examination of the bill of exeptions at Page 131 shows that at the close of the general harge the attorney for the defendants made the following tatement:

"Further, I would like to object to the fact that you have ot made any comment to the jury about the fact that the use f the deposition in the previous action is not evidence and you annot consider it as such but you can only consider the evilence as you heard it from the witness stand."

If this can be construed as a request to charge it does not onstitute a request to charge a correct proposition of law. Prior estimony used to impeach a witness *is* evidence and must be onsidered as evidence for the purpose of determining the credibility of the witness, although it ordinarily may not be considered as substantive evidence of a fact to which it relates. Defendants' second assignment of error has no merit.

Referring to defendants' third assignment of error relating o the motion to direct a verdict at the close of the plaintiffs' ase the law is now too settled to require further comment that when the defendants proceeded to go forward with their de'ense after said motion was overruled they thereby waived any rror which might have existed by reason of such ruling.

With respect to the fourth claim of error, the overruling f the motion to direct a verdict made at the close of all of the evidence, the evidence received was such that, upon the whole thereof, reasonable persons might reach different conclusions. Under these circumstances the trial court would have committed rror had it sustained the defendants' motion.

The case of *Perko* v. *Union*, 171 Ohio St., 68, would seem

to be controlling. We cannot say that the lower court should have, or even could have, found that there was no evidence to support the plaintiffs' case.

The fifth assignment of error claims res judicata. The claim set forth here is that Alliance Auto Sales, Inc., was the principal and defendants the agent of that principal. We find no merit in this contention. There is evidence that defendants were in business on their own, not as agents of Alliance Auto Sales, Inc., and that their work was that of a sub-contractor.

Although the defendants alleged in their supplemental answer to the second amended petition that the judgment against these plaintiffs in another action, wherein the Alliance Auto Sales, Inc., was defendant, was res judicata of this action against these defendants and although reference was had in evidence to such earlier action and to a judgment therein against these plaintiffs, neither the pleadings nor the record of judgment in the earlier action were offered in evidence in this cause and there was, therefore, no evidenc of any probative value from which it could have been determined that the doctrine of res judicata was applicable to bar this action, and defendants' fifth assignment of error is without merit.

The sixth and final assignment states that no cause of action was shown. Under this assignment, defendants claim the position of gratuitous bailee. If that were to excuse them, we could not hold that they occupied that position as a matter of law. As a matter of fact, their position was not that of gratuitous bailee. They were in the business of repairing transmissions. They repaired this transmission. They received a complaint. They checked on that complaint—part of good public relations and part of the job they were paid to do. The mere fact that they found the complaint unjustified, in no way changed them from businessmen, taking care of their business to gratuitous bailees.

We conclude that there was no error assigned and argued in appellants' brief committed by the trial court prejudicial to the appellants and that the judgment of the trial court should be affirmed.

Judgment affirmed.

YOUNGER, P. J., GUERNSEY and DONAHUE, JJ., concur.